UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ronelle Ryan Loving,
*a/k/a Immanuel O'Bey Abdul El, Public Minister/Consul,*

           Petitioner,

v.

The Office of Hennepin County District Attorney, et al.,

           Respondents.

Case No. 20-cv-1724 (ECT/LIB)

**REPORT AND RECOMMENDATION**

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Ronelle Ryan Loving's Petition for Writ of Habeas Corpus, [Docket No. 1], and his Motion for Writ of Mandamus. [Docket No. 9].

Petitioner Ronelle Ryan Loving pleaded guilty in July 2008, to two counts of second-degree murder in Minnesota state court. See, Minnesota v. Loving, No. 27-cr-07-14914 (Minn. Dist. Ct.). Petitioner now seeks habeas corpus relief from that conviction. (See, Pet., [Docket No. 1], at 1) (citing Minnesota state court case number).

The Petition for a writ of habeas corpus filed by Loving contends that he was immune from prosecution in the Minnesota state courts due to his status as a Lawfully Assigned Judicial Officer of the Moorish Devine and National Movement, (See, Pet. [Docket No. 1], at 2). This is Petitioner's sole argument. Petitioner also filed a Motion for Writ of Mandamus, [Docket No. 9], seeking the same relief as he seeks in his Habeas Petition on the same basis asserted in his Habeas Petition.

Loving's Petition and Motion for Writ of Mandamus are patently frivolous. The claim that Moorish-Americans are not subject to state or federal law has been soundly rejected in Federal Courts nationwide and is routinely found to be meritless. See, e.g., United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) (stating that the "[l]aws of the United States apply to all persons within its borders" and summarizing the views of "Moorish nationals" and adherents of Moorish Science); Tanner-Bey v. Minn. Dept. of Correction, 15-cv-2339 (DSD/TNL), 2015 WL 4429314, at *2 n.2 (D. Minn. July 20, 2015) ("Tanner-Bey's claims that the Minnesota state courts lacked jurisdiction over his criminal case due to his immunity as a Moorish-American appear, at first approximation, to be frivolous"); Ward-El v. Barrett, No. 4:11-cv-451-WS, 2012 WL 5929928, at *4 (E.D. Mich. Feb. 16, 2012) ("An individual's identity as a Moorish-American does not deprive the State of jurisdiction over him"); Bey v. Bailey, No. 09-cv-8416, 2010 WL 1531172, at *4 (S.D.N.Y. April 15, 2010) ("[T]he suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the 'Moorish-American' nation is without merit and cannot be the basis for habeas relief.").

More importantly for purposes of this Recommendation, however, the Petition is also untimely. Under 28 U.S.C. § 2244(d)(1),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

As explained above, Petitioner is in custody pursuant to the judgment of a Minnesota state court. Accordingly, his attack on that custody is governed by the limitations period set forth in § 2244(d)(1).

Three of the four § 2244(d)(1) provisions are irrelevant to this case. Petitioner does not contend that state action prevented him from filing a habeas petition earlier; he does not present any claims pursuant to a constitutional right newly recognized by the Supreme Court; and his claims do not depend upon a factual predicate that would not have been known to him at the time of his conviction.

The limitations period for Loving's habeas Petition is therefore governed by § 2244(d)(1)(A), which requires that a petition be brought within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to the electronic docket maintained by the Minnesota state courts, Petitioner pleaded guilty and was sentenced in July 2008. Because Petitioner did not seek appeal from the conviction or sentence, the criminal judgment became final ninety days after the imposition of the sentence when the time for Petitioner to seek direct review expired. See, Minn. R. Crim. P. 28.05. The habeas limitations period, in turn, expired one year later in October 2009. Loving's habeas Petition was received in August 2020, over a decade too late. The Petition is plainly untimely, and it should be dismissed with prejudice on that basis.

Only one matter warrants further comment: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1). Where a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The untimeliness of Loving's habeas Petition is not reasonably debatable. No certificate of appealability should be issued.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for a writ of habeas corpus of Petitioner Ronelle Ryan Loving, [Docket No. 1], be **DISMISSED with prejudice** as untimely;

2. No certificate of appealability be issued; and

3. Petitioner's Motion for Writ of Mandamus, [Docket No. 9], be **DENIED**.

Dated: November 4, 2020               s/Leo I. Brisbois
                                      Hon. Leo I. Brisbois
                                      United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).